IRONCLAD MFG. CO. v. SUGAR LOAF DAIRY CO. et al. (38 cases).

(Circuit Court, S. D. New York. July 26, 1905.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Motions for preliminary injunctions restraining infringement of the Haigh patent, No. 607,433, for a milk can, by a large number of users, based on a recent decision of the circuit court finding infringement by the manufacturer, denied, where it appeared that only a small number of the cans used by the defendants and claimed to infringe were of the pattern which was held to infringe by the court, and also that complainant had misrepresented the scope of the decision to defendants, for the purpose of obtaining from them large license fees.

In Equity. Suits for infringement of letters patent No. 607,433, for a milk can, granted to Henry B. Haigh July 19, 1898. On motions for preliminary injunctions.

Edmund Wetmore, for the motion.
Wm. H. Kenyon and Henry D. Williams, opposed. ·

LACOMBE, Circuit Judge. This is an instance, of not infrequent occurrence, where the enthusiasm of a partially successful client has brought about complications which require the very delay he was too impatient to tolerate. Immediately upon the decision at circuit of the suit against the manufacturer of the milk cans, a vigorous crusade was organized against the users, with the manifest intention of forcing them at once to pay license fees to the extent of nearly half the selling price of each and every can in use which they had bought from the original defendant. What methods were employed to accomplish this result is hotly disputed. Several of the defendants assert that they were threatened with immediate arrest, with heavy fines, with having their cans seized, and the milk dumped in the street, and this at a season of the year when every shipper and receiver of milk needed all the cans he could command. The two or three representatives of complainant upon whom these threats are fathered most vigorously deny the making of them, and it would be difficult without cross-examination to decide between the respective affiants. It is, however, quite evident that complainant's agents did misrepresent the scope of the former decision; that they insisted that it covered every can made by the Dairymen's Company; that there was no distinction to be made between the "John St. can," referred to in that decision as an infringement, and all other cans made by the same manufacturer. That this is a misrepresentation is manifest from the group of affidavits submitted by complainant, and marked "Affidavits relating to process of construction of de-

fendants' cans." These affidavits contain a blue print, marked "Dairyman's Regular Can No. 3," and signed "John S. Carroll, June 23, 1905," and it is conceded that a very large number, if not the great majority, of cans made by that company and now in use are of this model. It contains no "flaring flange" whatever; neither the flaring flange shown and described in the patent, nor the "flaring, re-enforcing, and (in the broad sense) locking flange" which Judge Ray found in the John St. can. The affiants have a great deal to say about a "beveled flange," whatever they may mean by that. There is a "bevel" at the bottom of the neck portion of the mouthpiece, but a "flange" and a "bevel" are not identical. The business end of a carpenter's chisel terminates with a bevel, but it would be a misuse of mechanical terms to call it a flange, or even a "beveled flange." No flange on any part of either neck portion is visible on the blue print; certainly there is no flaring flange. But a "flaring * * * flange" is an essential element of the first claim—the only one relied on; and evidently Judge Ray so construed the patent, for he expressly refers to such flaring flange as existing in the type of can which he held to be an infringement. It appears that there are here and there among these users some individual cans of the same model as that held to infringe—John St. cans, with a flaring flange on one neck portion—and ordinarily a preliminary injunction requiring cessation of their use would issue. But the total number seems to be small, and in view of the conflict of proof as to the methods employed to extend the operation of the adjudication in the main suit, all questions had best be left for determination at final hearing.

Motions are denied.